IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv293

| | |
|---|---|
| DOVE AIR, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JODA, LLC and DAVID A. STONE, )<br>)<br>Defendants. )<br>_____) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss Complaint for Failure to Obtain New Counsel and Brief in Support of Same [Doc. 15] and Motion for Summary Judgment [Doc. 17].

On September 14, 2011, Magistrate Judge Dennis L. Howell granted the motion of Plaintiff's counsel for leave to withdraw from representation. [Doc. 14]. In that Order, however, the Magistrate instructed the Plaintiff that as a corporation, it could not proceed pro se. [Id. at 2]. The Magistrate Judge therefore provided the Plaintiff with a deadline of September 20, 2011 to obtain counsel and for counsel to file a notice of appearance. [Id.]. The

1

Plaintiff was further instructed that failure to obtain counsel and to file an appearance by such counsel would result in a recommendation to this Court that the action be dismissed. [Id.].

No appearance has been filed by a new attorney for the Plaintiff and the deadline within which to do so has passed. On September 28, 2011, the Defendants moved to dismiss the action because a corporation may not appear in federal court except through counsel. The Defendants are correct. "It has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). When a corporate party has been "admonished ... that if [it] failed to obtain new counsel" the case would "be dismissed as to the corporation[ ] ... since a corporation cannot proceed pro se," it is appropriate to dismiss the action as to that corporate party. Barr v. Prince George's County, Md., 115 F. App'x 609 (2004); Huang v. Culpepper, 2011 WL 310477 **2 n.1 (D.Md. 2011). Indeed, this principle has been upheld in numerous cases. First Citizens Bank & Trust Co. v. X Digital Media, Inc., 2009 WL 3614306 (E.D.N.C. 2009) (citing Plimpton v. Cooper, 141 F.Supp.2d 573, 575 (W.D.N.C. 2001), affirmed 21 F. App'x 159 (4th Cir. 2001); Carrico v. Village

of Sugar Mountain, 114 F.Supp.2d 422, 424 (W.D.N.C. 2000), affirmed 13 F. App'x 79 (4th Cir. 2001)) (other citations omitted). As a result, this action will be dismissed without prejudice. Because the action is being dismissed, the Defendants' Motion for Summary Judgment will be denied as moot.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss Complaint for Failure to Obtain New Counsel and Brief in Support of Same [Doc. 15] is hereby **GRANTED** and this action is hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 17] is hereby **DENIED** as moot.

Signed: October 5, 2011

Martin Reidinger
United States District Judge